**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SCOTT HINTZ, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:03-CR-131-CC-CCH |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-758-CC-CCH |

## **O R D E R**

The instant § 2255 motion to vacate is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") recommending that the action be denied [Doc. 526], and Movant's objections thereto [Doc. 528].[1] The Court reviews *de novo* the portions of the R&R to which Petitioner has objected and reviews for plain error the remaining portions. *See* 28 U.S.C. § 636(b)(1); Fed. Civ. P. 72(b)(3); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

I.    <u>Discussion</u>

---

[1] This Court has held on several occasions that Movant may not represent himself. Because Movant is represented by counsel, the Court does not consider Movant's *pro se* objections to the R&R at Docs. 529-530. *See* L.R. 83.1D(2), N.D. Ga. ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein. . . .").

Petitioner argues that the Magistrate Judge made incorrect credibility determinations after holding an evidentiary hearing on Petitioner's claims. Petitioner takes issue with the R&R's conclusion that Movant's testimony in this case "was not credible and is not entitled to any weight." (Doc. 528 at 1; Doc. 526 at 10). Movant believes that his testimony "stands on its own, is supported by his affidavits, and is corroborated by appropriate inferences from the other evidence. . . ." (Doc. 528 at 1). The record supports the Magistrate Judge's determination, and Petitioner has provided no basis to reach a different conclusion than the one set out in the R&R. Moreover, on at least two previous occasions, this Court also has given little or no weight or credit to Petitioner's testimony after applying the law governing credibility of witnesses. (*See* Doc. 154 at 1-3; Doc. 512 at 182-83).

Based on the Magistrate Judge's credibility determination and review of the evidence, the Magistrate Judge found that: Movant's plea was entered into knowingly and voluntarily; he did not demonstrate that his counsel was ineffective in connection with entering his plea or the appellate waiver contained therein; he fabricated his claims of a vast conspiracy by his counsel and other highly regarded individuals that allegedly coerced him into entering his plea; and his remaining

2

claims were barred by the appellate waiver and/or the law-of-the-case doctrine. (Doc. 526 at 24-34). This Court agrees.

II. Conclusion

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections (Doc. 528), **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 526), **DENIES** the instant § 2255 motion to vacate (Doc. 253), and **DISMISSES** the action in this Court.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration and for Clarification (Doc. No. 386) is **DENIED**, and the following motions are **DENIED AS MOOT**: (1) Petitioner's Motion to Proceed In Forma Pauperis, Motion for Free Access to Pacer, and Motion for CJA Voucher for Unconflicted Counsel (Doc. No. 264); (2) Notice of Docketing Error and Motion to Correct (Doc. No. 267); (3) Motion for Immediate Status Hearing Due to Recently Available Evidence (Doc. No. 281); (4) Motion for Hearing to Resolve Serious Due Process Concerns (Doc. No. 284); (5) Motion for Immediate Due Process Hearing, Motion for Release from Conditions, and Motion for Change of Venue (Doc. No. 294);

and (6) Motion for Judicial Notice and to Support Doc. #294 Filing (Doc. No. 296).

**IT IS SO ORDERED** this 1st day of February, 2012.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)