IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT HINTZ,<br>    Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO.<br>1:03-CR-131-CC-LTW |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: <br> :: | CIVIL ACTION NO.<br>1:13-CV-2867-CC-LTW |

## FINAL REPORT AND RECOMMENDATION

On March 5, 2013, the Court revoked Movant's supervised release following a re-sentencing hearing. (Doc. 621 ("Revocation Order").) The Court sentenced Movant to thirty-six months in prison with credit for confinement since February 9, 2012. (Doc. 621.) Attorney Noni Mayfield represented Movant at the re-sentencing hearing. Attorney Dennis O'Brien represented Movant at the original sentencing hearing on February 9, 2012, and several other attorneys represented Movant in this case prior to the revocation proceedings.

On March 26, 2013, the Court denied Movant's motion for reconsideration of the Revocation Order. (Doc. 628.) The Court found the motion "frivolous" and was "not persuaded that there is any legal or factual basis to alter the sentence" imposed in the Revocation Order. (*Id.* at 1.)

Movant then filed a notice of appeal. (Doc. 629.) The Court of Appeals dismissed the appeal for want of prosecution, (Doc. 633), and denied Movant's motion to reinstate it, (Doc. 643).

After his appeal was dismissed, Movant, pro se, filed a motion challenging the Revocation Order under 28 U.S.C. § 2255. (Doc. 636.) Respondent opposes the motion. (Doc. 644.)

Movant asserts in his § 2255 motion essentially the same arguments he asserted in his motion for reconsideration. Movant contends that he had no attorney-client relationship and that he was denied due process, access to the courts, access to favorable witnesses, and the right to confront his accusers. (Doc. 636-2 at 2; Doc. 636-3 at 2-12.) Respondent contends that Movant procedurally defaulted his claims by not raising them on direct appeal and has not shown that he received ineffective assistance of counsel. (Doc. 644.)

## I.     Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack, i.e., there is a fundamental defect that results in a complete miscarriage of justice. 28 U.S.C. § 2255(a); *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### A.     Procedural Bars To Review

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n. 18 (quotation marks omitted). In this regard, a § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). "[I]t has been repeatedly emphasized [that] the actual innocence exception is a *narrow*

exception." *McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011).

B.  Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, a § 2255 movant must show that counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). A court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Courts will not find a lawyer's performance deficient unless the movant establishes that no objectively competent lawyer would have taken the action that his lawyer took or would have failed to take the action he contends the lawyer should have taken. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

II. Analysis

4

Movant pursued none of the claims in his § 2255 motion on direct appeal. The appeal was dismissed for Movant's failure to pursue it. Thus, with the exception of any claim of ineffective assistance of counsel in the revocation proceedings, Movant procedurally defaulted his claims. *See Black*, 373 F.3d at 1142; *Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We [] hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

Movant has not shown cause or prejudice for the default. Movant identified no factor outside his control establishing cause for not raising his claims on appeal and has not shown prejudice from the alleged errors in his revocation proceedings.

Movant also has not shown that he is actually innocent of the offense for which the Court revoked his supervised release. Movant repeatedly asserts that "[a]ll interested parties have agreed and understood SCOTT HINTZ is actually innocent of allegations presented in the record." (Doc. 636-1; Doc. 636-3 at 1.) That assertion is consistent with Movant's practice over the years of drafting affidavits, sending them to the attorneys and judges in this case, demanding that responses be served within a certain period of time, and then declaring the facts asserted in the affidavits to be undisputably true when no responses are made. Contrary to Movant's frivolous assertions, the Court did not find him innocent of the acts that violated the terms of his supervised release. Nor is there agreement that he is innocent. Movant has not presented new, reliable evidence casting doubt on the Court's factual findings in

5

support of the Revocation Order. Movant thus has not shown that his procedural default should be excused by the narrow and extraordinary exception for actual innocence.

Movant's complaints regarding counsel are that he never had an attorney-client relationship with any of the lawyers who represented him and that he should have been allowed to represent himself. (Doc. 636-3.) Movant specifically complains of only Dennis O'Brien, who was Movant's counsel until January 2013. Movant contends that O'Brien interfered with Movant's defense in the revocation proceedings by not calling witnesses and presenting evidence of Movant's innocence. But O'Brien did not represent Movant at the resentencing hearing in March 2013, as new counsel appeared for Movant on January 2, 2013. (Docs. 606, 620.)

Moreover, the Court repeatedly heard and rejected Movant's complaints throughout this case about the numerous lawyers appointed to represent him and his request to represent himself. (*See* Docs. 385, 448, 490, 505, 512.) The Court most recently rejected those claims in its denial of Movant's motion to reconsider the Revocation Order. (Doc. 628.) Those claims, repackaged in Movant's § 2255 motion, are meritless.

Movant has not pointed to a single instance of allegedly deficient performance by Mayfield, who represented him at the resentencing hearing, much less shown that her performance was constitutionally deficient. Nor has Movant shown a reasonable probability that the Court would not have revoked his supervised release or would

AO 72A
(Rev.8/82)

have imposed a lesser sentence but for allegedly deficient performance by Mayfield or any one else. Movant is not entitled to relief under § 2255 on his claim that he did not receive effective assistance of counsel.

### III. Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has not made a substantial showing that he received ineffective assistance of counsel, and his remaining claims are procedurally barred. The resolution of Movant's claims is not reasonably debatable.

### IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to

7

vacate sentence under 28 U.S.C. § 2255 [636] be **DENIED** and that case number 1:13-cv-2867-CC-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 9 day of December, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)