IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT HINTZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-131-CC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-689-CC-LTW |

**FINAL REPORT AND RECOMMENDATION**

On March 5, 2013, the Court revoked Movant's supervised release following a re-sentencing hearing. (Doc. 621 ("Revocation Order").) The Court sentenced Movant to thirty-six months in prison with credit for confinement since February 9, 2012. (Doc. 621.)

Movant filed a motion under 28 U.S.C. § 2255 challenging the Revocation Order. (Doc. 636.) The undersigned issued a Report and Recommendation ("R&R") that the motion be denied. (Doc. 655.) While the R&R was pending, Movant filed another § 2255 motion. (Doc. 668.) In that motion, Movant again challenges the Revocation Order and his original judgment of conviction entered in 2003. (*Id.*; *see* Doc. 15.) A few days after Movant filed this second § 2255 motion, the Court adopted the R&R and denied Movant's first § 2255 motion challenging the Revocation Order.

AO 72A
(Rev.8/82)

(Doc. 670.)

Because Movant filed his second § 2255 motion challenging the Revocation Order before judgment was entered on his first such motion, the second motion is not a successive one – at least as to the Revocation Order – for which authorization from the court of appeals is required. *See* 28 U.S.C. § 2255(h). Movant's arguments in his second motion challenging his original judgment of conviction entered in 2003 are successive because the Court denied Movant's first motion challenging that judgment under § 2255. (Docs. 526, 531.) Movant has not obtained permission from the court of appeals to file another § 2255 motion challenging the 2003 judgment. The Court thus has no jurisdiction to entertain the claims regarding the 2003 judgment.

Movant's challenge in his second motion to the Revocation Order may be construed as a motion to amend his first motion challenging the Revocation Order. *See United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011). However, Movant asserts the same claims in the second motion as he did in the first: that he was denied due process, effective assistance of counsel, access to the courts, access to favorable witnesses, and the right to confront his accusers. (Docs. 636-2, 636-3, 668-1.) The Court reviewed and rejected those claims in denying Movant's first § 2255 motion challenging the Revocation Order. (Docs. 655, 670.) The second motion thus

AO 72A
(Rev.8/82)

should be denied as it is a futile attempt to amend.

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence under 28 U.S.C. § 2255 [668] be construed as a motion to amend his § 2255 motion at docket entry 636 and that the motion be **DENIED**. **IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** and that case number 1:14-cv-689-CC-LTW be **DISMISSED**.

**SO RECOMMENDED** this 17 day of March, 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE